S. M. CHAPMAN, Appellant, v. WILLIAM FERGUSON et al.; Respondents.

Springfield Court of Appeals, December 5, 1910.

1. **CONTRACTS: Conditional Promise.** A promised to pay B on the order of C such amount as C may owe B for hay and corn bought of B, payment to be made four months from date. *Held,* that this promise of payment was conditional upon an order from C and that it was an essential part of plaintiff's case to allege and prove that C gave the order contemplated.

2. ————: ————. Contracts may be conditional upon the happening of some event or contingency which is altogether uncertain.

3. ————: ————. Contracts may be conditional upon notice of some matter being given and notice must be given accordingly in order to render the promise absolute, and must be alleged and proved in an action brought upon such contract.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard*, Judge.

AFFIRMED.

*Thomason & Clark* for appellant.

*Phillips* and *Phillips* for respondents.

NIXON, P. J.—This was an action, begun in 1908, to recover $775 for hay and corn delivered by plaintiff to one Isom Smith in the year 1900 upon the following order of defendants:

"Poplar Bluff, Mo., March 16, 1900.
"*Mr. Chapman, City.*

"Dear Sir:—By request of Mr. Smith, we beg to say, that we will pay on his order such amount as he may owe you for hay and corn bought of you at your farm near Hilliard, payment to be made four months from date.

"Yours truly,
"FERGUSON & WHEELER."

Defendants in their answer pleaded (1) a general denial, (2) that Isom Smith had paid the account in full, and (3) the Statute of Limitations. By consent, the cause was heard by the court without a jury.

At the conclusion of the evidence, at plaintiff's request, the court made a finding of facts, which was as follows: "The court finds from the evidence in this cause as follows: The court finds that the instru-

ment in writing given by the defendants to the plaintiff, was a conditional promise to pay to the plaintiff, by the defendants, for hay and corn, upon orders of Isom Smith, and the court further finds that there was no proof of any orders having been given by said Smith on the defendants, and therefore finds the issues for the defendants in this cause for that reason."

Judgment was accordingly entered for the defendants, from which plaintiff duly perfected an appeal to this court. After the appeal reached this court, appellant died, and the cause was duly revived in the name of the administrator, and, by stipulation of parties, Edward George, administrator, entered his appearance as appellant.

The only question preserved for our consideration is as to the correctness of the trial court's ruling that the writing given by defendants to plaintiff was a conditional promise by defendants, upon the order of Isom Smith, to pay.

The written order on its face shows beyond question that as a condition precedent to the payment by defendants of the indebtedness of Isom Smith, an order should be given by Isom Smith. This made the contract a conditional one. "A promise may be conditional upon the act or will of a third person." [9 Cyc. 617.] "Contracts may also be conditional . . . upon the happening of some event or contingency which is altogether uncertain." [9 Cyc. 615.] "A contract may also be conditional upon notice of some matter being given; and notice must be given accordingly in order to render the promise absolute, and must be alleged and proved in an action brought upon it." [9 Cyc. 617.] It follows that it was an essential part of plaintiff's case to allege and prove that Smith gave the order contemplated. No attempt was made at any time by plaintiff to prove that Smith gave the order as contemplated by the contract. As a matter of fact, Smith died some time during the fall of the

year the order or contract was given by defendants to the plaintiff (1900) but not until some months after the expiration of the four months' period stipulated in the order. It may be added that the evidence of defendants negatived the allegations of plaintiff's petition that they on March 17, 1905, paid a portion of the amount due and thus recognized the contract as binding upon them. The defendant, William Ferguson, upon being asked whether, since March 6, 1900, they had ever paid anything on the contract, answered, "No, Sir; we couldn't pay anything on it because nothing was ever demanded of us. We never would have known anything about it; it was so long it had passed from our memory; and we had closed the business with Smith years ago, and he is dead, and we had no thought of anything of that kind, and would not have paid anything on it." This was a law case and the findings of the court are entitled to the same consideration as the verdict of a jury and the appellate court is powerless to disturb the judgment. It is accordingly affirmed. All concur.